UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIE COX, JR., a/k/a ABBUE-JAH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19CV3202 HEA |
| | ) | |
| JEAN C. HAMILTON, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Willie Cox, Jr., a/k/a Abbue-Jah, for leave to proceed in forma pauperis in this civil action. ECF No. 2. For the reasons explained below, the motion will be denied, and this case will be dismissed.

### Legal Standard on Initial Review

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to closely screen cases where, as here, there is an application to proceed in forma pauperis. The Court may deny a litigant leave to proceed in forma pauperis and dismiss an action if it determines that the complaint is frivolous or malicious. A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A complaint is malicious if it was filed for the purpose of harassing the named defendant and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1061 (4th Cir. 1987).

When considering whether a complaint is malicious, the Court may refer to objective factors such as the circumstances surrounding the filing and the nature of the allegations. *Id.* Additionally, the Eighth Circuit has recognized that "malicious" applies to situations where the complaint is "plainly part of a longstanding pattern of abusive and repetitious lawsuits." *Horsey*

*v. Asher,* 741 F.2d 209, 213 (8th Cir. 1984); *Cooper v. Wood,* 111 F.3d 135 (8th Cir. 1997) (unpublished); *see also In re McDonald,* 489 U.S. 180 (1989) (leave to proceed in forma pauperis can be denied based in part on prior abusive litigation).

**Background**

The case at bar is one of many interrelated civil rights actions plaintiff has filed pro se and in forma pauperis in this Court since September 17, 2019.[1] As of the date of this Memorandum and Order, all of plaintiff's cases that have been reviewed pursuant to 28 U.S.C. § 1915(e)(2)(B) have been dismissed for one of the reasons set forth therein. In *Cox v. City of Clayton*, 4:19-cv-03091-RLW, the Honorable Ronnie L. White determined that plaintiff's repeated filing of frivolous and interrelated lawsuits amounted to abuse of the judicial process, and cautioned him that restrictions may be imposed if he continued the practice. On November 22, 2019, plaintiff began filing lawsuits seeking damages against the District Judges of this Court who dismissed his cases.[2]

---

[1] *See Cox v. Lang*, 4:19-cv-2585-NAB (E.D. Mo. Sept. 17, 2019); *Cox v. Atchison*, 4:19-cv-2586-JAR (E.D. Mo. Sept. 17, 2019); *Cox v. Hartman,* 4:19-cv-2587 (E.D. Mo. Sept. 17, 2019); *Cox v. Anello*, 4:19-cv-2588-AGF (E.D. Mo. Sept. 17, 2019); *Cox v. Walz*, 4:19-cv-2589-SRC (E.D. Mo. Sept. 17, 2019); *Cox v. Hulsey*, 4:19-cv-2592-SRC (E.D. Mo. Sept. 17, 2019); *Cox v. Morrow*, 4:19-cv-2593-JAR (E.D. Mo. Sept. 17, 2019); *Cox v. Grammer*, 4:19-cv-2662-PLC (E.D. Mo. Sept. 30, 2019); *Cox v. Crotzer*, 4:19-cv-2727-RLW (E.D. Mo. Oct. 7, 2019); *Cox v. Dewly*, 4:19-cv-2744-JAR (E.D. Mo. Oct. 9, 2019); *Cox v. Dodson*, 4:19-cv-2748-AGF (E.D. Mo. Oct. 9, 2019); *Cox v. Walker*, 4:19-cv-2764-RLW (E.D. Mo. Oct. 10, 2019); *Cox v. City of University City, Missouri*, 4:19-cv-2923-JCH (E.D. Mo. Oct. 28, 2019); *Cox v. Brentwood, Missouri, City of*, 4:19-cv-3067-PLC (E.D. Mo. Nov. 7, 2019); *Cox v. City of Clayton*, 4:19-cv-3091-RLW (E.D. Mo. Nov. 12, 2019); *Cox v. Ferguson, City of*, 4:19-cv-3115-SNLJ (E.D. Mo. Nov. 18, 2019); *Cox v. Shelton*, 4:19-cv-3182-PLC (E.D. Mo. Dec. 3, 2019); *Cox v. Dignam*, 4:19-cv-3183-JMB (E.D. Mo. Dec. 3, 2019); and *Cox v. Dewey*, 4:19-cv-3253-JCH (E.D. Mo. Dec. 11, 2019).

[2] *See Cox v. Fleissig*, 4:19-cv-3133-SRC (E.D. Mo. Nov. 22, 2019); *Cox v. Autrey,* 4:19-cv-3143-SNLJ (E.D. Mo. Nov. 25, 2019); *Cox v. Autrey,* 4:19-cv-3144-JCH (E.D. Mo. Nov. 25, 2019); *Cox v. Ross,* 4:19-cv-3152-SNLJ (E.D. Mo. Nov. 25, 2019); *Cox v. Ross,* 4:19-cv-3153-HEA (E.D. Mo. Nov. 25, 2019); *Cox v. Ross,* 4:19-cv-3156-JMB (E.D. Mo. Nov. 26, 2019); *Cox v. Ross,* 4:19-cv-3157-DDN (E.D. Mo. Nov. 26, 2019); *Cox v. Clark,* 4:19-cv-3175-AGF (E.D. Mo. Nov. 27, 2019); *Cox v. Hamilton,* 4:19-cv-3202-HEA (E.D. Mo. Dec. 5, 2019); *Cox v. Fleissig,* 4:19-cv-3234-SRC (E.D. Mo. Dec. 10, 2019); *Cox v. Limbaugh,* 4:19-cv-3235-AGF (E.D. Mo. Dec. 10, 2019); *Cox v. White,* 4:19-cv-3257-AGF (E.D. Mo. Dec. 11, 2019); and *Cox v. Hamilton,* 4:19-cv-3261-HEA (E.D. Mo. Dec. 11, 2019).

**The Complaint**

Plaintiff brings this action against the Honorable Jean C. Hamilton. His statement of the claim is as follows:

> Denied constitutional right. When Ms. Jean C. Hamilton denied them. Wherever Ms. Jean C. Hamilton was at the time she denied my constitutional right[.] Severe emotional distress[.] Ms. Jean C. Hamilton failed to honor the contract. The contract is the United States Constitution.

ECF No. 1 at 5. Attached to plaintiff's complaint are ten pages. One page is a handwritten list of case citations followed by: "4th Amendment Violation[.] I, Willie Cox, Jr. (Abbue-Jah), am the beneficiary of the Contract. I am the victim." ECF No. 1-1 at 1. The remaining nine pages are type-written and titled "Constitutional Case Law." *Id.* at 2-10. They contain a list of case citations, most of which are followed by a quoted passage from the case or a brief case summary. Plaintiff had added hand-written notes next to a few of the case summaries where he adds female pronouns in the place of male pronouns. Although the basis of plaintiff's complaint is unclear, he appears to be challenging the constitutionality of previous case rulings against him by Judge Hamilton. *See Cox v. City of University City, Missouri*, 4:19-cv-2923-JCH (E.D. Mo. Oct. 28, 2019); *Cox v. Autrey*, 4:19-cv-3144-JCH (E.D. Mo. Nov. 25, 2019); and *Cox v. Ross*, 4:19-cv-3156-JMB (E.D. Mo. Nov. 26, 2019) (dismissal order issued Dec. 2, 2019, signed by Judge Hamilton). Plaintiff seeks a total of $7 million in damages.

**Discussion**

The Court finds that plaintiff's in forma pauperis application should be denied and this action should be dismissed because the complaint is frivolous and malicious. The complaint is frivolous because judges generally cannot be sued for monetary relief based on alleged judicial misconduct, and nothing in the instant complaint establishes that Judge Hamilton acted in the absence of jurisdiction or outside her judicial capacity. *See Imbler v. Pachtman*, 424 U.S. 409,

434-35 (1976) (citing *Pierson v. Ray*, 386 U.S. 547 (1967)). The complaint is malicious because it is clear from the circumstances surrounding the filing and the nature of the allegations that plaintiff filed the complaint to harass and disparage Judge Hamilton for ruling against him, *see Spencer*, 656 F. Supp. at 461-63, and because the complaint is clearly part of a pattern of abusive and repetitious lawsuits. *See Horsey,* 741 F.2d at 213.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [ECF No. 2] is **DENIED.**

**IT IS FURTHER ORDERED** that this case is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). A separate order of dismissal will be entered herewith.

Dated this 17th day of December, 2019.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE